# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JAMES WIDTFELDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, *et. al.*, | ) ) | Civil Action No. 17-1296 (EGS) |
| | ) | |
| Defendants. | ) ) | |

## ORDER

Plaintiff Mr. James Widtfeldt, an attorney proceeding *pro se*, brings suit against fifteen defendants, including the Internal Revenue Service, the United States Attorney General, the Department of Justice, the United States Department of Agriculture, the Department of the Treasury, the Office of the High Commissioner on Human Rights, various individual IRS officers and agents, the Nebraska Medical Association, the Nebraska Bar Association, Mr. Douglas Peterson—the Nebraska Attorney General, and Mr. Mark Weber—the Nebraska Counsel for Discipline. Pending before the Court are the defendants' motions to dismiss and Mr. Widtfeldt's motion for leave to file an amended complaint. *See* Gov't Mot. to Dismiss, ECF No. 3; Peterson/Weber Mot. to Dismiss, ECF No. 5; Neb. Bar Ass'n Mot. to Dismiss, ECF No. 6; Mot. to Amend, ECF No. 10. Because the Court lacks jurisdiction over Mr. Widtfeldt's claim and because

1

his proposed amended complaint is futile, the defendants' motions to dismiss are **GRANTED** and Mr. Widtfeldt's motion for leave to file an amended complaint is **DENIED**.

Mr. Widtfeldt's complaint is impossible to decipher, despite the Court's best efforts. The nineteen-page complaint seems to allege: (1) a conspiracy dating back to the Clinton Administration regarding "wrongful Lyme Treatment Standard," in order to "create a national health epidemic with Lyme disease," Compl., ECF No. 1 ¶ 2; (2) city-ordered and Nebraska Supreme Court-approved "break-ins" of Mr. Widtfeldt's law firm office in 2015, *see id.* ¶¶ 3, 4; (3) the illegal disposal of a Native American's body, *see id.* ¶ 5; (4) improper IRS tax audits dating back to 1970, *see id.* ¶ 6; (5) USDA's repudiation of farm subsidies worth $100 million, *see id.* ¶ 8; (6) conspiracy to hide evidence regarding a 2002 IRS tax settlement, *see id.* ¶ 11; (7) conspiracy by the Federal Election Commission to "chill" the Christian Coalition's freedom of speech, *see id.* ¶ 12; (8) conspiracy by Democratic Party members to "chill" Mr. Widtfeldt's speech regarding global warming, specifically that a massive volcano eruption caused global warming, *see id.* ¶ 14; (9) failure to compensate Mr. Widtfeldt $5 trillion for his Ph.D, which "saved a war with Russia," *see id.* ¶ 17; (10) conspiracy by Democratic Party members to pay $100 million to each "Democrat Judge" and "elected Democrat Office Holder", *see*

*id.* ¶ 14; among other allegations. Mr. Widtfeldt seeks $13 trillion dollars in attorneys' fees, in addition to over $5 trillion in other damages. *See id.*

Try as it might, the Court can neither determine the grounds for its jurisdiction nor Mr. Widtfeldt's grounds for relief. *See* Fed. R. Civ. P. 8(a)("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief"). "A complaint may be dismissed on jurisdictional grounds when it is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly,* 39 F.3d 328, 330 (D.C. Cir. 1994) and citing *Bell v. Hood,* 327 U.S. 678, 683 (1946)). Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974) (quotations omitted). The trial court may dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. *See Neitzke v. Williams,* 490 U.S. 319, 328 (1989) (discussing court's authority to dismiss frivolous claims under 28 U.S.C. § 1915). "A court need not assess whether a

plaintiff has standing before dismissing on alternative jurisdictional grounds." *Tooley*, 586 F.3d at 1009 (citing *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("there is no unyielding jurisdictional hierarchy")).

On careful review of Mr. Widtfeldt's complaint, and its vague and unsupported allegations of government-created epidemics, "break-ins," partisan conspiracies, and bribery, the Court concludes that Mr. Widtfeldt's claims must be dismissed as frivolous. *See, e.g., Bickford v. Gov't of the U.S.*, 808 F. Supp. 2d 175, 182 (D.D.C. 2011) (concluding that plaintiff's "laundry list of wrongful acts and conclusory allegations to support her theory of a conspiracy," were "insufficient to allow the case to go forward")(citations and quotations omitted); *Newby v. Obama*, 681 F. Supp. 2d 53, 56 (D.D.C. 2010)(dismissing the plaintiff's frivolous complaint for lack of jurisdiction given her "bizarre conspiracy theories").

Because Mr. Widtfeldt's claims are "essentially fictitious," *Best*, 39 F.3d at 330, the Court concludes that it does not have jurisdiction over the case.[1] The defendants'

---

[1] Because the Court finds that Mr. Widtfeldt failed to state a claim, the Court need not assess the defendants' other arguments. *See* Gov't Mot. to Dismiss, ECF No. 3 (sovereign immunity, improper service, failure to state a claim); Peterson/Weber Mot. to Dismiss, ECF No. 5 (lack of standing, sovereign immunity); Neb. Bar Ass'n Mot. to Dismiss, ECF No. 6 (failure to state a claim).

4

motions to dismiss are therefore **GRANTED** and Mr. Widtfeldt's claims are **DISMISSED** with prejudice as to all defendants.

Additionally, the Court **DENIES** Mr. Widtfeldt's motion for leave to file an amended complaint. *See* ECF No. 10. The proposed amended complaint is essentially a copy of the original complaint with two additional paragraphs. *See id.* ¶¶ 18, 19 (alleging that a city in Nebraska attacked Mr. Widtfeldt "with allergens provoking a general or anaphylactic reaction"). These additional paragraphs do not alter the Court's analysis and do not remedy the fatal flaws in Mr. Widtfeldt's incomprehensible complaint. While a court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss," *James Madison Ltd., by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)(citations omitted).

This is a final, appealable Order.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            July 6, 2018**